UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED

APR - 3 2017

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| ROBERTA J. COSGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | USDC Case No. 4:17-cv- 226 |
| | ) | |
| v. | ) | |
| | ) | |
| SHURI DUBBERLY SHEPPARD SMITH | ) | |
| AND SUZANNE DUBBERLY SPEIGHT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW ROBERTA COSGROVE, Plaintiff *pro se*, and respectfully moves before this Court with her Original Complaint and would show as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action in which the Plaintiff ("Ms. Cosgrove") seeks relief from damages by the Defendants' under the tort of libel, the common law torts of intentional infliction of emotional distress as well as negligent infliction of emotional distress, and the tort of business disparagement.

2.      Ms. Cosgrove seeks damages both compensatory and punitive; affirmative and equitable relief; as well as costs and interest, and any other and further relief this Court deems just and equitable.

## II. JURISDICTION AND VENUE

3.      This action arises under diversity jurisdiction as proscribed in 21 U.S.C. §1332(a)(1).

4.      Ms. Cosgrove resides in the State of Texas, in this district, and in this division. venue is therefore proper in this Court.

5.      Ms. Cosgrove  seeks damages under federal law pursuant to the claims for relief specified below in amounts to be proven at trial, but in excess of $75,000.00.

6.      This Court has the authority to award costs and attorney fees pursuant to 42 U.S.C. §1988.

## III. PARTIES

7.      Ms. Cosgrove is an individual and a citizen of the State of Texas, with a permanent residence address of 2701 Oakland Hills Drive, Plano, Texas 75025, in Collin County, Texas.

8.      Defendant Shuri Dubberly Sheppard Smith, is a citizen of the State of Florida and may be served with process and pleading  at 2280 Sheppard Street, #305, Jacksonville, Florida 32211.

9.      Defendant Suzanne Dubberly Speight (collectively "Defendants'"), is a citizen of the State of Florida and may be served with process and pleading at 2909 St. John's Ave., Apt. #1, Jacksonville, Florida 32205.

## IV. RELEVANT PROCEDURAL STATEMENT

10.     Ms. Cosgrove incorporates by reference each preceding paragraph as if fully restated herein

11.     To recover in a libel suit, Ms. Cosgrove must show evidence of four elements: (1) that the Defendants' conveyed a defamatory message; (2) that the material was published, meaning that it was conveyed to someone other than Ms. Cosgrove; (3) that Ms. Cosgrove could be identified as the person referred to in the defamatory material; and (4) that the she suffered some injury to her reputation as a result of the communication. Ms. Cosgrove believes she can prove each element necessary to recover.

12.     To recover under Intentional Infliction of Emotional Distress ("IIED"), and Negligent Infliction of Emotional Distress ("NIED"), Ms. Cosgrove must show that (1) the Defendants' acted intentionally or recklessly; (2) the Defendants' conduct was extreme and outrageous; (3) the Defendants' act is the cause of the distress; and (4) Ms. Cosgrove suffers severe emotional distress as a result of defendants' conduct. Ms. Cosgrove believes she can prove each element necessary to recover.

13.     The business disparagement tort is intended to protect the economic interests of the injured party against pecuniary loss. Ms. Cosgrove must plead and prove not only that the Defendants' statements were false, but also made with malice, which requires that the Defendants' knew the disparaging statement was false, acted with reckless disregard

Cosgrove .USDC.OC - [1]

Page -3-

concerning its truth or falsity, or acted with ill will or intended to interfere with Ms.

Cosgrove's economic interests in an unprivileged fashion. Ms. Cosgrove believes each of

these requirements will be evident in the instant matter.

## V.  FACTUAL BASIS FOR THE COMPLAINT

14.     Ms. Cosgrove incorporates by reference each preceding paragraph as if fully

restated herein.

15.     Ms. Cosgrove has been a care giver in Plano, Texas since 1997, and before that

in Minnesota for nearly twenty (20) years.

16.     Ms. Cosgrove has a well deserved blemish free reputation and operates

Colorbook Castle day care in Plano, Texas. She is licensed through the State of Texas and

has never had a complaint of any kind.

17.     Kenneth Alexander is a licensed helper for Ms. Cosgrove's Colorbrook Castle

day care and has passed the requisite background checks to maintain that status every two-

years.

18.     Ms. Cosgrove and Mr. Alexander have cohabitated since 1998 and have a

committed and loving relationship.

19.     Nancy (Dubberly) married Kenneth Canode (Mr. Alexander legally changed his name many years ago), in 1979. She was brutally stabbed to death in her bedroom in March of 1981.

20.     Her assailant has never been caught and the case is considered an ongoing investigation by Florida Law Enforcement.

21.     Her story was featured in a February, 2015, episode of the TNT series Cold Justice.

22.     On or about January 17, 2017, Ms. Cosgrove became aware that there was a Facebook posting which had been created by the Defendants'. In that posting, and in addition to the factual statements noted above in ¶¶ 16-18, they offer in pertinent part as follows:

> "Ken Canode has been married more than 7 times. He changed his
> name, he currently goes by Ken Alexander or Alex Cosgrove. He lives
> in Plano, TX with Roberta Cosgrove and they run the Colorbook
> Castle Daycare out of Roberta's home. We created this page to try and
> identify who might have killed our loving and precious mother. The
> St. John's County Sheriff's Office is currently reviewing the case and
> we hope they come up with some good evidence. "

23.    Another post by the Defendants' states: "Do you know a murderer is living in Plano, TX?"

24.    Mr. Alexander has never been known as, or used the assumed name Alex Cosgrove, and he has never been accused of such a crime as the Defendants' libelous posts suggest, by law enforcement in any State.

25.    As a result of these defaming and malicious posts, Ms. Cosgrove's grandchildren and their families in Minnesota have decided to no longer speak to or otherwise have a relationship with her or her family living in Plano and Frisco, Texas.

26.    Because Ms. Cosgrove has wrongly been linked to the Defendants' illegal and malicious allegations against Mr. Alexander, anytime a search is conducted for Colorbook Castle or daycare in Plano, the libelous postings may be revealed.

27.    Ms. Cosgrove unsuccessfully responded to the defamatory posts on Facebook by using a service that has expertise in digital removal.

28.    As a result of the Defendants' defamatory and libelous posts, Ms. Cosgrove has sustained losses to her income, alienation of her family, and injury to her reputation in an amount in excess of $75,000.00 and accruing daily.

## VI.  CLAIMS

29.    Ms. Cosgrove incorporates by reference each preceding paragraph as if fully restated herein and further alleges as follows:

30.    The Defendants' postings on Facebook are evidence of defamatory messages.

31.    Because they were posted on Facebook, the material has clearly been published. Just how many have seen or reviewed the posts should be ascertainable by review of the Defendant's Facebook account.

32.    Clearly Ms. Cosgrove has been libeled by name.

33.    As a result of the Defendants' libelous postings, Ms. Cosgrove has suffered damage to her blemish free reputation in the community where she works and lives.

34.    As a result of those libelous postings, Ms. Cosgrove has been alienated from parts of her family.

35.    Defendants' owed a duty to Ms. Cosgrove to approach her with their baseless allegations before posting them on Facebook.

36.    Defendants further owed Ms. Cosgrove a duty to remove the postings, at a minimum, when asked to do so by her. Defendants' have failed in each regard.

37.    The Defendants' have clearly acted intentionally and recklessly to harm Ms. Cosgrove.

38.    The Defendants' irresponsible conduct must be considered extreme and outrageous in light of the known facts.

39.    Equally clear, the Defendants' reckless actions on Facebook are the base cause of Ms. Cosgrove's severe emotional distress over the loss of her reputation in the community, as well as the alienation of parts of her family.

40.    Those losses are incalculable at this stage of the action but in excess of $75,000.00 and accruing daily.

41.    Because of the negligent actions of the Defendants' Ms. Cosgrove has suffered mental and emotional harm.

42.    The Defendants' had a duty to reasonably foresee their malicious postings on Facebook would inflict mental and emotional distress upon Ms. Cosgrove.

43.    Ms. Cosgrove avers that the Defendants' statements are materially false and were posted with malice and  intent to defame her.

44.    The Defendants' knew at all times the allegation of murder is false and each has clearly acted with reckless disregard concerning the truth.

45.     The Defendants' have intentionally acted with ill will and interfered with Ms. Cosgrove's economic interests in an unprivileged fashion.

46.     The Defendants' malicious postings have played a substantial role in inducing others not to deal with Ms. Cosgrove or the Colorbook Castle.

## VII. DAMAGES

47.     Plaintiff respectfully requests a trial by jury and a judgment against the Defendants' as follows:

(a).    Actual damages in an amount to be determined by the trier of fact;

(b).    Punitive damages in an amount to be determined by the trier of fact;

(c).    Compensatory damages in an amount to be determined by the trier of fact;

(d).    Damages for emotional distress, mental anguish, and pain and suffering;

(e).    Costs of suit and all reasonable attorney's fees;

(f).    Prejudgement and post-judgment interest at the maximum allowable statutory rate;

(g).    Such other and further relief that this Court deems appropriate.


Plaintiff reserves their right to amend through discovery.


Executed this 3rd  day of April, 2017 at Plano, Texas


By: _____

Roberta J. Cosgrove
Plaintiff *Pro Se*
2701 Oakland Hills Drive
Plano, Texas 75025
972-727-1789